## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACKTHINGS LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NETGEAR, INC.,<br><br>　　　　　　　　Defendant. | Case No. 22-981-RGA<br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

WHEREAS, Plaintiff TrackThings LLC and Defendant NETGEAR, Inc., each a "Party" and collectively "the Parties"), in the above captioned litigation (the "Action") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, in the interest of expediting discovery and limiting disputes regarding access to such information, the Parties hereby stipulate and agree to the request for, and entry of, the Stipulated Protective Order ("Protective Order") in accordance with Federal Rule of Civil Procedure 26(c) set forth herein; and

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be

1

ME1 42955591v.1

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively "DESIGNATED MATERIAL").[1]   The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.   For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.  For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2.      Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same treatment as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until such document is re-designated to have a different classification under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" both individually and collectively.

ME1 42955591v.1

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.  For avoidance

3

of doubt, in the event that Protected Material inadvertently or unintentionally produced as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or otherwise without designation are replaced with Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" the provisions of paragraph 11, hereof, shall not apply to such incorrectly designated Protected Materials.

5.     "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     Up to two (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and who have completed the Undertaking attached as Exhibit A hereto.

(d)     Up to one (1) designated representative of each of the Parties who either has responsibility for making decisions dealing directly with the litigation of this Action, or who is assisting outside counsel in the litigation of this Action, and who has completed the Undertaking attached as Exhibit A hereto, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, including their administrative and clerical staff whose duties and responsibilities require access to such materials, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including identification of the following:

      i.   the individual's name and business title;

     ii.   the individual's business address;

    iii.   the individual's business or profession;

    iv.   a list of all cases in which the individual has provided a report or testified as an expert (at trial or deposition); and

     v.   an identification of all companies for which the individual has consulted or by which the individual has been employed pertaining to the field of invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment.

This disclosure shall occur at least seven (7) days before access to the Protected Material is to be given to that consultant to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, within fourteen (14) days of the notice, the objecting Party may raise the dispute with the Court using the Court's dispute procedures as outlined in the Scheduling Order (or any other Order) to resolve the objection(s).  No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     Mock jurors;

(h)     Any mediator who is assigned to hear this matter, and his or her staff; and

(i)     The Court, the jury, and the Court's personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information contains confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

ME1 42955591v.1

7.      Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   The Parties shall use reasonable means to protect DESIGNATED MATERIAL, including by taking reasonable precautions to protect the information or materials from unauthorized physical or electronic access or dissemination.   Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands, and data definitions expressed in a form suitable for input into an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

ME1 42955591v.1

9.   For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
     ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals
     listed in paragraphs 5(a–b) and (e–i).

10.  For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the
     following additional restrictions apply:

     (a)   Access to a Party's Source Code Material shall be provided only on a "stand-alone"
           secured computer in a secured room (that is, the computer may not be linked to
           any network, including a local area network ("LAN"), an intranet or the Internet)
           ("Source Code Computer").  The Source Code Computer may be connected to a
           printer.  Additionally, the Source Code Computer may only be located at the
           offices of the producing Party's outside counsel or its vendors.  All persons
           viewing Source Code Material shall sign on each day they view Source Code
           Material a log that will include the names of the persons who enter the room to
           view the Source Code Material and when they enter and depart.  No recordable
           media or recordable devices including, without limitation, sound recorders,
           computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or
           drives of any kind, shall be permitted into the Source Code Material review room.
           The producing Party may visually monitor the activities of the receiving Party's
           representatives during any review of Source Code Material, but only to ensure that
           there is no unauthorized recording, copying, or transmission of the Source Code
           Material.  The receiving Party's outside counsel and/or experts/consultants shall
           be entitled to take hand-written notes relating to the Source Code Material but may
           not copy the Source Code Material into the notes and may not take such notes
           electronically on the Source Code Computer itself or any other computer in the
           Source Code Material review room.  The hand-written notes may refer to source
           code directory and file names, along with the names of, e.g., classes, functions,
           variables as needed to give the notes proper context, but the notes should not
           include transcribed code.

     (b)   The receiving Party shall make reasonable efforts to restrict its requests for such
           access to the Source Code Computers to normal business hours, which for purposes
           of this paragraph shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable
           notice from the receiving Party, the producing Party shall make reasonable efforts to
           accommodate the receiving Party's request for access to the Source Code Computer
           outside of normal business hours.   The Parties agree to cooperate in good faith such
           that maintaining the producing Party's Source Code Material at the offices of its
           outside counsel or its vendors shall not unreasonably hinder the receiving Party's
           ability to efficiently and effectively conduct the prosecution or defense of this
           Action.

(c)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer.

(d)  The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. . The Source Code Computer shall, at the receiving Party's request, include reasonable analysis tools for the type of Source Code Material provided thereon.  The receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code Material be installed on the Source Code Computer, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the producing Party approves such software tools; and (c) the receiving Party explains why such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code and are consistent with all of the protections herein.  The receiving Party must provide the producing Party with the software tool(s) at least seven (7) days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(e)  Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  The receiving Party may request that additional consultants or experts access Source Code Material, and in doing so, will provide an explanation to the producing Party for why additional consultants or experts require access to Source Code Material.  The producing Party shall not unreasonably withhold access.  A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)  To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 5(e).

ME1 42955591v.1

(g)    A receiving Party may request paper copies of limited portions of Source Code Material that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use at deposition or trial.  Using the software available on the Source Code Computer, the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop of the Source Code Computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and (if available) date.  The request for printed Source Code Material shall be served via a written request (including by email) identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting.  Within five (5) business days of such request, the producing Party shall provide one copy of all such Source Code Material, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00pm Central Time, it shall be deemed served the following business day.  In no case may the receiving Party request more than fifteen (15) consecutive pages, or an aggregate of more than 375 pages, of Source Code Material during the duration of the case without prior written approval of the producing Party.  The receiving party may request to print additional consecutive or aggregate pages of Source Code, and in doing so, will provide an explanation to the producing Party why such pages are needed.  The producing Party shall not unreasonably prevent the receiving Party from printing such pages.

(h)    A receiving Party that wants to use any printouts of Source Code Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" at a deposition must notify the producing Party in writing at least five (5) business days before the date of the deposition about the specific pages the receiving Party expects to use at the deposition by Bates production number, and the producing Party will bring printed copies of those portions of the Source Code Material to the deposition for use by the receiving Party.  For any deposition that the Parties agree will be conducted remotely, upon five (5) business days' notice, the receiving Party may request that the producing Party make available PDF printouts of Source Code Material for use during a remote deposition via a secure connection.  If a Source Code Computer is sought for use at a deposition, the Party taking the deposition shall provide at least seven (7) calendar days written notice.

(i)    Copies of Source Code Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its Bates production number.  All printouts of Source Code Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" brought to a deposition must be collected by the producing Party at the conclusion of the deposition, excluding copies containing the work product of counsel for the receiving Party, which will be maintained by the receiving Party's counsel.

9

(j)     The receiving Party's outside counsel of record may maintain no more than three (3) additional paper copies of any portions of the Source Code Material received from a producing Party, not including copies attached to court filings or used at depositions.  The receiving Party shall maintain a log of all paper copies of the Source Code Material.

(k)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically, and for inclusion in the receiving Party's discovery documents (e.g., infringement contentions) and expert reports, including any rebuttal reports, subject to the limitations below.  To the extent it is necessary to reference Source Code Material in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but in no event may an excerpt exceed 25 contiguous lines of Source Code Material.  Longer excerpts shall not be copied for use in an expert report or other discovery document but shall be referred to by citations to Bates numbers and/or file names and line numbers on the Source Code Computer.  Furthermore, in order to safeguard the producing Party's Source Code Material that may be replicated in a discovery document or in an expert report, the Parties agree that any copies of such discovery documents or reports that include any portion of the producing Party's Source Code Material will be transmitted electronically, by encrypted delivery with the password separately and securely transmitted.  For avoidance of doubt, copies of such reports where any Source Code Material has been redacted or removed may be transmitted electronically without any encryption subject, however, to the other provisions herein.  Images or copies of Source Code Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and must be omitted from pleadings and papers whenever possible.

(l)     If the receiving Party's outside counsel, consultants, or experts make or obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(m)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be

10

transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet without prior written consent of the producing Party except to electronically file or serve documents that properly include Source Code Material per paragraph 10(k).

11.   Absent written consent from the producing Party, any individual who obtains, receives access to, or otherwise learns of information, in whole or in part, that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and is directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL") shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, defined as wireless mesh networking technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" means directly or indirectly drafting, amending, or advising others as to the drafting or amending of patent claims.  These prohibitions shall not preclude Plaintiff's counsel of record in this action from participating in any *inter partes* review, covered business method review, or post-grant review proceedings, including involving any of U.S. Patent Nos. 9,642,017, 9,332,442, or 10,107,893, provided that such counsel does not participate directly or indirectly in the drafting or amending, or advise others as to the drafting or amending, of any patent claims during such proceedings.  To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute,

11

supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of this action.  This Prosecution Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end for the affected individual upon the earlier to occur of eighteen (18) months after access to such HIGHLY SENSITIVE MATERIAL is terminated or eighteen (18) months after this Action's conclusion, including any appeals.

12.  Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such

material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the action, including deposition transcription, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. In addition, if a receiving Party determines that protected material of the other party appears on its face to have been inadvertently produced, the receiving Party shall notify the producing Party in writing of the document and information in issue. The producing Party shall then notify the receiving Party in writing whether it asserts privilege or protection over the information within five (5) business days, during which time the receiving Party shall not utilize the documents subject to this notice unless the receiving Party receives confirmation in writing from the producing Party that such documents were intentionally produced.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Undertaking attached as Exhibit A hereto.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or hearing or within fourteen (14) days after receipt of  a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 14-day period, the entire

14

deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in accordance with Local Rule 5.1.3.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, the filing Party is responsible for preparing and filing with the Court a public redacted version within 7 days of the original sealed filing, consistent with District of Delaware Local Rule 5.1.3, or as otherwise ordered by the Court, and shall confer with counsel for the other Party regarding any proposed redactions before filing of the public redacted version.

17. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the original designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties in accordance with the terms of the Protective Order, except as otherwise provided for in this paragraph.   The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.    Until that time period lapses or until such a designation has been made, whichever occurs sooner, all

16

documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.     Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, counsel of record for each Party may retain all pleadings, briefs, memoranda, motions, transcripts and other documents filed with the Court, including any exhibits attached thereto for archival purposes that refer to or incorporate Protected Material, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

23.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party, knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement, may move the Court for

such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28.   <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**SO ORDERED** this __24__ day of October, 2022.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TRACKTHINGS LLC,

                Plaintiff,

      v.

NETGEAR, INC.

                Defendant.

Case No. 22-981-RGA

**JURY TRIAL DEMANDED**

**EXHIBIT A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my

1

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed or destroy such documents and things at the outside counsel's election.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2