IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Trackthings LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Netgear Inc.,<br><br>    Defendant. | Civil Action No. 22-981-RGA-JLH |

**MEMORANDUM ORDER**

The Magistrate Judge issued an August 2, 2023 Report and Recommendation Regarding Claim Construction Disputes and Netgear's Motion for Judgment on the Pleadings for Lack of Patentable Subject Matter (D.I. 146), recommending (1) that I adopt various claim constructions and (2) that I deny Netgear's Motion for Judgment on the Pleadings for Lack of Patentable Subject Matter (D.I. 85). Netgear filed Objections (D.I. 149) to two of the recommended claim constructions and Trackthings filed a Response (D.I. 152). I have considered the parties' briefing. For the following reasons, I will adopt the Magistrate Judge's Report and Recommendation.

I do not need to discuss the recommendations to which there is no objection. I adopt them.

**I. LEGAL STANDARD**

The Court may accept, reject, or modify the recommendations of a magistrate judge. FED. R. CIV. P. 72(b)(3). The court may also receive further evidence or return the matter to the magistrate judge with instructions for further proceedings. Objections to the magistrate judge's

1

conclusions regarding the legal issue of claim construction are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C).

## II. CONSTRUCTION OF TERMS IDENTIFIED IN OBJECTIONS

1.   **"ad-hoc wireless network"** ('017 patent, claim 1)

   a.   *Plaintiff's proposed construction*: "a wireless network where relays and clients can be added and moved"

   b.   *Defendant's proposed construction*: "a wireless network directly between nodes without requiring other infrastructure such as hubs, routers, [and] switches"

   c.   *Recommended construction*: "a wireless network where relays and clients can be added and moved"

The Magistrate Judge chose to adopt Trackthings' proposed instruction after holding a *Markman* hearing. (D.I. 146 at 5). Netgear now objects to the Magistrate Judge's construction on the basis that she misunderstood the parties' dispute. (D.I. 149 at 5).

The Magistrate Judge identified the issue of "whether a particular network that incorporates a hub, router, or switch that requires an access point or similar infrastructure to operate can be an ad-hoc network" as the core of the parties' dispute. (D.I. 146 at 7). Put more simply, the parties' disagreement centered around whether a network that includes a hub, router, or switch that connects to the internet can be an ad-hoc network. (*Id.* at 8; D.I. 143 at 32). During the *Markman* hearing, the parties were asked to confirm the described issue as the actual source of their dispute. (D.I. 143 at 32). Trackthings' counsel answered affirmatively and adopted the position that such a network could be an ad-hoc network. (*Id.*). Netgear's counsel responded, "[I]f the system, to operate, needs a component such as a router—we call it a relay, if it includes a relay that connects hardwired to the internet, it falls out of the ambit of an ad-hoc

wireless network." (*Id.* at 32–33). The Magistrate Judge understood this response as agreeing on the description of the core disagreement and rejecting the position that such a network could be an ad-hoc network. (D.I. 146 at 8). I agree with her understanding. To the extent that Netgear's actual position at the *Markman* hearing stage might have been different, Netgear did not make that known in response to a direct line of questioning.

On objection, Netgear now presents the position that an "'ad-hoc wireless network' has to be capable of operating 'without other infrastructure, such as hubs, routers, [and] switches' . . . [but] can still include such infrastructure, such as a connection to the Internet." (D.I. 149 at 5). The Third Circuit has regularly held that parties forfeit arguments not sufficiently argued at an appropriate earlier stage. *See In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) ("Arguments raised for the first time before a district court in a reply brief are deemed forfeited."); *Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ("Because Citigroup failed to invoke the provision until its reply brief in the District Court, we deem this argument waived."). The principle that a party must make an argument in a timely manner or the argument is lost applies with at least as much force to claim construction positions raised for the first time on objection.

Application of the principle in this case is also consistent with the Local Rules of this Court, which are designed in part to encourage efficiency in referrals to magistrate judges. *See* Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Oct. 9, 2013) ("Any party filing objections must include a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise them before the Magistrate Judge." (cleaned up)) (available on the Court's website).

As I agree with the Magistrate Judge on Netgear's asserted position during the *Markman* hearing, I find Netgear's arguments presented on objection different and contradictory to what it told the Magistrate Judge. Netgear has not identified the argument as a new argument, and it has not provided good cause for why it did not originally argue this position during the *Markman* hearing. (*See* D.I. 149-1). I find that Netgear has forfeited the arguments supporting the new position set forth in the Objections.

Netgear presents no other basis in the Objections for challenging the recommended construction. In any event, I agree with the Magistrate Judge's analysis supporting the recommended claim construction. (D.I. 146 at 7–9). As noted in the Report and Recommendation (*id.*), this construction is identical to the construction adopted in *Trackthings LLC v. Amazon.com, Inc.*, No. 21-720, D.I. 70 at 3–4 (W.D. Tex. May 14, 2022) (D.I. 130, Ex. 4). I recognize that another district court's determination is not binding on me, but it is something I should consider.

I am furthermore unconvinced the parties have a substantive dispute over the term "ad-hoc wireless network." At least for now, it appears that Netgear agrees that a network that includes a hub, router, or switch that connects to the internet can be an ad-hoc network. The disagreement between the parties appears to be merely one of language. It is less than clear that the disagreement represents a material dispute over the claim's scope. *See O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("The purpose of claim construction is to determine the meaning and scope of the patent claims asserted to be infringed." (cleaned up)). Should a clearer need for a different construction arise later in the case, claim construction of this term can be revisited. *See Jack Guttman, Inc. v. Kopykake Enters.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction, in

which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.").

For the reasons stated above, I adopt the Magistrate Judge's recommended construction of "ad-hoc wireless network."

2. **"computational unit" terms[1] ('017 patent, claims 1 and 6; '442 patent, claims 7, 8, 15, 16, 23, and 24)**

    a.    *Plaintiff's proposed construction*: 35 U.S.C. § 112 ¶ 6 does not apply

    b.    *Defendant's proposed construction*: 35 U.S.C. § 112 ¶ 6 does apply

    c.    *Recommended construction*: 35 U.S.C. § 112 ¶ 6 does not apply

The Magistrate Judge held that the "computational unit" terms were not means-plus-function terms subject to 35 U.S.C. § 112 ¶ 6. On objection, Netgear presents only arguments and evidence already considered by the Magistrate Judge. (*Compare* D.I. 143 at 81–115 *and* D.I. 146 at 13–16 *with* D.I. 149 at 3–7). I do not see any error in her reasoning. I therefore agree with it. Thus, for the reasons stated in the Report and Recommendation, I adopt the Magistrate

---

[1] The computational unit terms are: "computational unit distributed within the ad-hoc network measuring a link integrity of each link in the ad-hoc wireless network" ('017 patent, claim 1); "computational unit determines a placement of a new relay at a new location into the ad-hoc wireless network to improve the link integrity of the ad-hoc wireless network" ('017 patent, claim 1); "computational unit reconfigures the network to improve the link integrity" ('017 patent, claim 6); "computational unit configured to de-centralize control by distributing the control to wireless clients and relays which form the network" ('442 patent, claims 8 and 24); "configuring a computational unit to de-centralize control by distributing control to the wireless clients and relays which form the network" ('442 patent, claim 16); "computational unit configured to issue control signals that include adjusting a connectivity, changing a frequency of operation, or changing a Wireless Standard being used" ('442 patent, claims 7 and 23); and "configuring a computational unit to issue control signals that include adjusting a connectivity, changing a frequency of operation, or changing a wireless standard being used" ('442 patent, claim 15).

Judge's recommendation that the "computational unit" terms are not means-plus-function terms subject to § 112 ¶ 6.

### III. CONCLUSION

For the reasons above, the Magistrate Judge's Report and Recommendation (D.I. 146) is **ADOPTED**.

Netgear's Objections to the Report and Recommendation (D.I. 149) are **OVERRULED**.

The recommended claim constructions in the Report and Recommendation are **ADOPTED**.

Netgear's Motion for Judgment on the Pleadings for Lack of Patentable Subject Matter (D.I. 85) is **DENIED**.[2]

IT IS SO ORDERED.

Entered this 15th day of September, 2023

_____
United States District Judge

---

[2] Netgear is free to raise lack of patentable subject matter arguments at a later time.

6